UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLANO COUNTY JUSTICE CENTER, et al.,<br><br>  Defendants. | No.  2:23-cv-1101 KJN P<br><br><br>ORDER |

Plaintiff is a pretrial detainee housed in the Solano County Justice Center Detention Facility proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff raises two causes of action.  In the first claim, plaintiff alleges that on December 21, 2022, plaintiff returned from court very upset about her children, and medical staff decided plaintiff should be housed in a safety cell.  Plaintiff, still in belly chains and crying hysterically, begged officers and medical staff to allow her to go to her cell.  Instead, "they" jumped on plaintiff, and plaintiff was "flipped, dragged, beaten, and eventually had all of her clothes cut off . . . with so much force it cut into her skin creating a large laceration" for which she was denied medical care, and then plaintiff was thrown into a filthy safety cell covered in feces and blood for six days without water.  On January 2, 2023, plaintiff tested positive for pregnancy, but on January 17, 2023, plaintiff was rushed to North Bay Hospital and had lost the baby.  The facility now claims plaintiff was never pregnant.  Plaintiff has a permanent scar, suffered the loss of her baby, for which she subsequently attempted suicide, and extreme emotional distress.

In her second claim, plaintiff states that on May 14, 2023, plaintiff was seen by psychologist Dr. Wong, who cut plaintiff off from her prescription to Seraquil which she has taken for two years.  Dr. Wong told plaintiff he no longer prescribes "sleepers" (as he calls them) and increased plaintiff's prescription to Zoloft from 25 mg to 100 mg, which she claims overdosed her.  (ECF No. 1 at 5.)  Plaintiff claims she could not sleep for three days and tried to commit suicide.  Dr. Wong also told plaintiff that Wong was concerned about the facility's legal issues regarding these types of medications.  While plaintiff is kept awake by this medication for days at a time, she lies in bed, clenching her teeth, then crashes for days.  Plaintiff claims that Wellpath medical and Lt. Hagen are aware of what is going on and chose to do nothing.  Plaintiff

3

suffers from sleep deprivation, extreme emotional stress, and deep depression.

Plaintiff names ten defendants: Solano County Justice Center; Lt. A. Hagen, Wellpath Medical, Dr. Mathew Wong, Sgt. Taylor, and Solano County Jail Officers Bubar, Prado-Gonzalez, Whitney, Flores and Martinez.

Plaintiff seeks money damages and a jury trial, and an order requiring the facility and every staff member to receive proper training. Plaintiff asks for an investigation into the facility's grievance process.

Discussion

Excessive Force

Plaintiff alleges she was subjected to excessive use of force on December 21, 2022.

The right of pretrial detainees to be free from excessive force is guaranteed by the Due Process Clause of the Fourteenth Amendment and is governed by Fourth Amendment standards. Kingsley v. Hendrickson, 576 U.S. 389, 397-98, 399 (2015). To state a claim for excessive force under the Fourteenth Amendment, a pretrial detainee must show that "the force purposely or knowingly used against him [or her] was objectively unreasonable." Id. at 389; see also Graham v. Connor, 490 U.S. 386, 396 (1989) (objective reasonableness turns on the facts and circumstances of each particular case). This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Kingsley, 576 U.S. at 397. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 540 (1979).

Plaintiff may be able to state a claim for use of excessive force against one or more of the defendants. However, plaintiff's complaint does not identify each defendant who used force against her and did not describe what each defendant did that constituted excessive use of force. To state an excessive force claim against a defendant, plaintiff must name a defendant and allege facts showing how, when, where, and under what circumstances the defendant used force against

plaintiff that was unreasonable under those circumstances.  Plaintiff's general allegations are insufficient to state a claim for use of excessive force against any of the named defendants.  Plaintiff is granted leave to amend the complaint in order to remedy such defects.

<u>Mental Health Care</u>

Plaintiff challenges the mental health care provided by Dr. Wong on May 14, 2023.

A pretrial detainee's constitutional rights are addressed under the Due Process Clause of the Fourteenth Amendment, not the Eight Amendment's prohibition against cruel and unusual punishments.  <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1067-68 (9th Cir. 2016), <u>cert. denied sub nom.</u> <u>Los Angeles Cty., Cal. v. Castro</u>, 137 S. Ct. 831 (2017).  The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

<u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir. 2018).  As to the third element, each "defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'"  <u>Castro</u>, 833 F.3d at 1071 (quoting <u>Kingsley</u>, 576 U.S. at 397).  Lack of due care is insufficient; plaintiff is required to "'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'"  <u>Gordon</u>, 888 F.3d at 1125 (quoting <u>Castro</u>, 833 F.3d at 1071).

Plaintiff may be able to state a cognizable civil rights claim against defendant Dr. Wong if plaintiff can allege facts demonstrating that a reasonable psychologist would have appreciated the high degree of risk involved -- making the consequences of defendant Wong's conduct obvious.  It is unclear whether plaintiff can state cognizable claims against Wellpath Medical and Lt. Hagen because plaintiff failed to allege sufficient facts to demonstrate their culpability.  In addition, as discussed next, plaintiff's allegations concerning mental health care by Dr. Wong are not related

to plaintiff's excessive force allegations in claim one.  Plaintiff's second claim is dismissed without prejudice to plaintiff renewing such claim in a separate action.

### Misjoinder

Plaintiff's two claims are not properly raised in the same action.  Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).  Here, plaintiff's claims arose from two different incidents involving different defendants, and therefore are not properly joined in one action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party.  Fed. R. Civ. P. 21.  "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'"  Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).  In this case, because the unrelated claims are based on a recent incident, May 14, 2023, plaintiff will not be prejudiced by their dismissal, without prejudice, from this action.  Plaintiff may pursue such claims in a separate, timely action. See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in

different suits").

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

7

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/reed1101.14n

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ZAYA S. REED,                         No. 2:23-cv-1101 KJN P

12           Plaintiff,

13       v.                               NOTICE OF AMENDMENT

14  SOLANO COUNTY JUSTICE CENTER,
    et al.,
15
             Defendants.
16

17       Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19           _____        Amended Complaint
    DATED:
20

21
                                   _____
22                                 Plaintiff

23
24
25
26
27
28