UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JUSTICE CENTER, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-1101 CSK P<br><br>ORDER AND FINDINGS & <u>RECOMMENDATIONS</u> |

　　　　Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On June 14, 2024, defendants filed a motion for summary judgment. On June 17, 2024, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 19 (citing <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc)).) Plaintiff did not file an opposition.

　　　　On July 23, 2024, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. (ECF No. 21.) In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure

1

1   to comply with these rules and a court order.  Plaintiff was also informed that failure to file an
2   opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b)
3   of the Federal Rules of Civil Procedure.
4     The thirty day period has expired, and plaintiff did not respond to the Court's order.
5     "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
6   action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
7   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
8   court order the district court must weigh five factors including:  '(1) the public's interest in
9   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
10  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
11  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
12  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
13  F.3d 52, 53 (9th Cir. 1995).
14    In determining to recommend that this action be dismissed, the Court considered the five
15  factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal of
16  this action.  The action has been pending for over fourteen months and reached the stage, set by
17  the Court's November 20, 2023 scheduling order, for resolution of dispositive motions and, if
18  necessary, preparation for pretrial conference and jury trial.  (ECF No. 16.)  Plaintiff's failure to
19  comply with the Local Rules and the Court's July 23, 2024 order suggests that she abandoned this
20  action and that further time spent by the Court thereon will consume scarce judicial resources in
21  addressing litigation which plaintiff demonstrates no intention to pursue.
22    Under the circumstances of this case, the third factor, prejudice to defendants from
23  plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the
24  motion prevents defendants from addressing plaintiff's substantive opposition, and would delay
25  resolution of this action, thereby causing defendants to incur additional time and expense.
26    The fifth factor also favors dismissal.  The Court advised plaintiff of the requirements
27  under the Local Rules and granted ample additional time to oppose the pending motion, all to no
28  avail.  The Court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  09/04/24

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/reed1101.nop.msj.fr

3