UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA REED, | No. 2:23-cv-1101 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER PRADO, et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has not filed an opposition to defendants' motion for summary judgment filed on June 14, 2024.

I.   PLAINTIFF'S FIRST AMENDED COMPLAINT

This action proceeds on plaintiff's allegations that on December 21, 2022, while plaintiff was held in the Solano County Justice Center, Officers Prado, Bubar, Martinez, Flores, Whitney, and Sgt. Taylor, used excessive force on plaintiff.[1]  (ECF No. 8 at 2.)

///

---

[1] Plaintiff consented to the dismissal of defendants Solano County Justice Center, Well Path Medical, Lt. A. Hagen and Officer Ruiz, who were dismissed without prejudice on October 6, 2023. (ECF No. 12.) Accordingly, the Clerk of the Court is directed to change the caption of the case docket as set forth above, and all parties shall use this caption in future filings.

1

## II. BACKGROUND

On June 14, 2024, defendants filed a motion for summary judgment. (ECF No. 18.) Plaintiff did not file an opposition to the motion.

On July 23, 2024, plaintiff was granted an additional thirty days to file an opposition, and was informed that (a) failure to oppose the motion may be deemed a waiver of any opposition to the granting of the motion, (b) failure to comply with the Local Rules may result in the imposition of any and all sanctions authorized by statute or Rule, and (c) under Rule 41(b) of the Federal Rules of Civil Procedure, this case may be subject to involuntary dismissal based on plaintiff's failure to prosecute or to comply with these rules or a court order. (ECF No. 21.) Plaintiff did not file an opposition to the motion for summary judgment.

On September 5, 2024, the Court recommended that this action be dismissed based on plaintiff's continued failure to oppose the motion for summary judgment and after evaluating the factors under Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). (ECF No. 22.)

On September 16, 2024, plaintiff filed objections to the findings and recommendations. However, in her two page objections, plaintiff did not provide an opposition to the motion for summary judgment or explain her failure to do so. Rather, plaintiff states, "I see there are merits favored on this case based on general public policy," and complains she does not have time to serve a copy of her response on all parties. (ECF No. 23 at 1.)

On October 18, 2024, plaintiff was ordered to show cause, within thirty days, why this action should not be dismissed for lack of prosecution. (ECF No. 24.)

On November 14, 2024, plaintiff filed a response to the order to show cause and claimed in her two page filing that she "would like to file an opposition to defendants' motion for summary judgment." (ECF No. 25.) Plaintiff then recounted the allegations in her amended complaint, and stated she has provided defendants with her "discovery of medical records from Wellpath Medical." (Id. at 1.) Plaintiff then asked that "this action not be dismissed." (Id. at 2.)

## III. DISCUSSION

Despite multiple opportunities, plaintiff has again failed to file an opposition to defendants' motion for summary judgment. However, because plaintiff stated she would like to

file an opposition, and in an abundance of caution, **plaintiff is provided one <u>final</u> opportunity to file an opposition to the pending motion for summary judgment**. Plaintiff is again provided the information as to what is required to file an opposition to a motion for summary judgment. <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998); <u>see also</u> Fed. R. Civ. P. 56. The opposition shall be titled "Opposition," and address the arguments made by defendants in their pending motion.

That said, the Court will leave in place the pending findings and recommendations that recommend this action be dismissed for lack of prosecution. If plaintiff again fails to file an opposition, the Court will forward the findings and recommendations to the district court for its review and adoption.

No further extensions of time will be granted absent a showing of extraordinary cause.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to change the caption of the case docket as set forth above, and all parties shall use this caption in future filings.
2. Plaintiff is granted one final extension of time to oppose the pending motion for summary judgment (ECF No. 18).
3. Within thirty days from the date of this order, plaintiff shall file an opposition as required under <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) and Rule 56 of the Federal Rules of Civil Procedure. Failure to file an opposition will result in the September 5, 2024 findings and recommendations (ECF No. 22) being forwarded to the district court for review and adoption.

Dated: December 4, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/reed1101.eotf

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[2] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).