UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA REED, | No. 2:23-cv-1101 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER PRADO, et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On December 4, 2024, plaintiff was ordered to file an opposition to the pending motion for summary judgment within thirty days and warned that this was her final extension of time. (ECF No. 26 at 3.) On December 9, 2024, plaintiff filed a document styled, "Order to Show Cause." (ECF No. 27.) However, plaintiff did not sign the filing, referred to hereafter as "unsigned filing."[1] (Id.) Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). The Court is unable to consider plaintiff's unsigned filing unless she signs and re-files it. Id. Failure to comply with this order will result in an order striking the unsigned filing (ECF No. 27).

---

[1] Plaintiff also failed to date the unsigned filing. (ECF No. 27.) Thus, the Court is unable to tell whether plaintiff had received the Court's December 4, 2024 order before mailing the unsigned filing. Thus, it is unclear whether plaintiff's unsigned filing was an untimely response to the Court's October 18, 2024 order to show cause (ECF No. 24), or whether plaintiff intended the filing to be her opposition to the motion for summary judgment.

1

Therefore, plaintiff is provided an opportunity to re-file the unsigned filing with a document bearing her signature. Id.  However, plaintiff must clearly identify the nature of the document.  In other words, plaintiff must title the document in a way that describes what plaintiff is filing.  For example, if the unsigned filing was intended to be plaintiff's opposition to the pending motion for summary judgment, plaintiff shall entitle the re-filing as "Plaintiff's Opposition to Motion for Summary Judgment."  Using appropriate titles clearly identifies the filing for the benefit of the Court and the defendants.  Plaintiff's opposition must also bear plaintiff's signature and should include the date plaintiff signed it and presented it to jail officials for mailing.  Plaintiff is cautioned that unless plaintiff re-files the unsigned filing with a document bearing her signature, the Court cannot consider the unsigned filing, including the documents provided with it, in addressing the pending motion for summary judgment.

Pursuant to the December 4, 2024 order, plaintiff's opposition to the pending motion for summary judgment is due on or before January 3, 2025.  Thus, plaintiff is granted until January 3, 2025, in which to sign and file the unsigned filing.  As noted above, plaintiff is cautioned that failure to re-file the unsigned filing will result in an order striking the unsigned filing (ECF No. 27).  Fed. R. Civ. P. 11(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may re-file a signed version of the unsigned filing (ECF No. 27) on or before January 3, 2025.  Such re-filing shall include (a) plaintiff's signature, (b) the date she signed it and handed it to jail staff for mailing, and (c) an appropriate title that describes the filing.

2. The Clerk of the Court is directed to send plaintiff a copy of her unsigned filing (ECF No. 27).

Dated:  December 19, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/reed1101.r11

2