UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA REED, | No. 2:23-cv-1101 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER PRADO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Defendants' motion for summary judgment is pending. (ECF No. 18.) The Court has reviewed the parties' filings and finds that further briefing is required.

<u>Missing Documents</u>

First, although defendants refer to a declaration by defendant Whitney (ECF No. 18-2 at 3-4) ("Whitney declaration"), no declaration by defendant Whitney was filed with the motion for summary judgment. In addition, the Whitney declaration is not listed on the certificate of service of documents that were served on plaintiff. (ECF No. 18-12 at 2.) Therefore, defendants must file and serve the Whitney declaration. In addition, the declaration of Toni Taylor ("Taylor declaration") refers to an Exhibit A (strip search affidavit), but no Exhibit A was appended to the Taylor declaration. (ECF No. 18-7.) Although the Taylor declaration is listed on the certificate of service (ECF No. 18-12 at 2), it is unclear whether Exhibit A was also served on plaintiff given

1

that it was not included with the Taylor declaration filed with the Court.  Defendants shall file and serve on plaintiff the Whitney declaration and the Taylor declaration with Exhibit A, and file a certificate of service of these documents.  Because plaintiff did not have benefit of these documents when she filed her opposition, plaintiff is permitted an opportunity to respond to these newly filed documents.  Plaintiff is not required to file a response, but if plaintiff elects to, plaintiff must do so within ten days from the date defendants serve the Whitney declaration and the Taylor declaration with Exhibit A on plaintiff.  Any response by plaintiff must be limited to the Whitney declaration and the Taylor declaration with Exhibit A.  If plaintiff elects to file a response limited to the Whitney declaration and the Taylor declaration with Exhibit A, defendants may file a reply limited to responding to plaintiff's response.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days from the date of this order, defendants shall file and serve on plaintiff the Whitney declaration and the Taylor declaration with Exhibit A, and shall also file a certificate of service of these documents.

2. Ten days after defendants serve on plaintiff the Whitney declaration and Taylor declaration with Exhibit A, plaintiff may file a response limited to those documents.

3. If plaintiff files a response to the Whitney declaration and Taylor declaration with Exhibit A, within ten days, defendants may file a reply limited to plaintiff's response.

Dated:  March 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/reed1101.fb

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).