UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA REED, | No. 2:23-cv-1101 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER PRADO, et al., | |
| Defendants. | |

Pro se plaintiff, a pretrial detainee at the time relevant to her claim, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 10, 2025, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. *See* ECF No. 36 (F&Rs). On June 30, 2025, plaintiff filed a change of address, *see* ECF No. 37, and on July 2, 2025, the findings and recommendations were re-served on plaintiff's new address. More than fourteen days have passed, and neither party has filed objections to the findings and recommendations.[1]

---

[1] Plaintiff filed another change of address, which was docketed on July 31, 2025, *see* ECF No. 38, but there is no indication she did not receive the findings and recommendations re-served on July 2, 2025, before she moved to the second address. This order will be served on plaintiff at the most recent address she has provided.

1

1  The court presumes any findings of fact are correct. *See Orand v. United States*, 602 F.2d
2  207, 208 (9th Cir. 1979). It reviews the magistrate judge's conclusions of law de novo. *See*
3  *Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the
4  magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

5  Bearing in mind the standard of review set out above and having reviewed the file,
6  including the video evidence of record, the court adopts the magistrate judge's findings and
7  recommendations in substantial part with the following clarifications. First, in reaching its
8  conclusions the court does not rely on the magistrate judge's taking judicial notice of the felony
9  complaint filed against plaintiff in *People v. Reed*, No. FCR366683 (Sacramento Cnty., Cal.).
10  *See* Defs.' Req. Jud. Notice, ECF No. 18-9. Federal Rule of Evidence provides for courts' taking
11  notice of "adjudicative facts." Fed. R. Evid. 201(a). As relevant here, courts may "take notice of
12  proceedings in other courts, both within and without the federal judicial system, if those
13  proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria*
14  *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, while the criminal
15  complaint's allegations may stem from events underlying plaintiff's claim here, the complaint
16  alone is irrelevant to the task of determining whether or not to grant defendants' motion for
17  summary judgment; at most the court could take notice only of the complaint's existence and not
18  the veracity of the allegations contained within the complaint. *See United States v. S. Cal. Edison*
19  *Co.*, 300 F. Supp. 964, 974 (E.D. Cal. 2004). In any event, it does not appear the magistrate judge
20  relied on the complaint in making her findings.

21  Second, while the court finds the magistrate judge has articulated the correct elements for
22  plaintiff's excessive form claim, and the court adopts the magistrate judge's conclusion that the
23  court should grant defendants' motion for summary judgment, the court declines to adopt the
24  magistrate judge's framing of her findings, which appear to assume the role of an affirmative
25  factfinder. *See, e.g.*, F&Rs at 13–14 ("The Court ultimately concludes that the use of force here
26  was objectively reasonable . . . ."); *id.* at 20 ("[T]he Court concludes that defendants' use of force
27  was reasonable under the circumstances . . . ."); *id.* at 22 ("The officers conducted themselves
28  reasonably and professionally. They adjusted how they interacted and responded at various times

1  during the December 22, 2022 incident . . . ."). At the summary judgment stage, this court
2  declines to act as a factfinder, determining instead only whether there is a genuine dispute of
3  material fact such that a reasonable factfinder could find for the non-moving party. *See, e.g.,*
4  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (2007). Therefore,
5  wherever the magistrate judge has asserted facts as established, the court construes those findings
6  as identifying aspects of the record defendants have presented in meeting their initial burden to
7  support their position there are no material questions of fact for a jury to decide; the court further
8  construes the record as unrebutted by plaintiff in that plaintiff has not pointed to evidence
9  showing there are triable facts for a jury. Fundamentally, viewed in this way, the court agrees the
10 "record taken as a whole" could not lead a rational trier of fact to find for the plaintiff and on this
11 ground grants defendants' motion for summary judgment. *See id.*

12     Third, as the court agrees with the magistrate judge there is no genuine dispute of material
13 fact calling for a jury to decide whether a constitutional violation occurred, the court does not
14 reach the question of qualified immunity. *See Los Angeles County v. Rettele*, 550 U.S. 609, 616
15 (2007). Accordingly, the court declines to adopt the magistrate judge's additional conclusion
16 that, if the question is reached, defendants are entitled to qualified immunity in the face of
17 plaintiff's excessive force claim. *See* F&Rs at 25.

18     Accordingly, IT IS HEREBY ORDERED that:
19     1. The findings and recommendations (ECF No. 36) are **adopted in part**, consistent with
20 the explanation provided above;
21     2. Defendants' motion for summary judgment (ECF No. 18) **is granted**; and
22     4. The Clerk of the Court is directed to close the case.
23 This order resolves ECF Nos. 18 and 36.
24     IT IS SO ORDERED.
25 DATED: August 14, 2025.
26
27                                   SENIOR UNITED STATES DISTRICT JUDGE
28

3